**Lisa CLARK, Plaintiff–Appellee,**

**v.**

**UNITED EMERGENCY ANIMAL CLINIC, INC., Defendant–Appellant.**

**Margaret Saiki, on behalf of herself and all those similarly situated, Plaintiff–Appellee,**

**v.**

**United Emergency Animal Clinic, Inc., Defendant–Appellant.**

**Lisa Clark, Plaintiff–Appellant,**

**v.**

**United Emergency Animal Clinic, Inc., Defendant–Appellee.**

**Margaret Saiki, on behalf of herself and all those similarly situated, Plaintiff–Appellant,**

**v.**

**United Emergency Animal Clinic, Inc., Defendant–Appellee.**

**Lisa Clark, Plaintiff–Appellant,**

**v.**

**United Emergency Animal Clinic, Inc.; Does 1 Through 10, Inclusive, Defendants–Appellees.**

**Nos. 03–15267, 03–15269, 03–15344, 03–15347, 03–15613.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Filed Dec. 7, 2004.

Eileen P. Kennedy, Berliner Cohen, San Jose, CA, for defendant/appellant/cross-appellee United Emergency Animal Clinic, Inc.

John McBride, Wylie, McBride, Jesinger, Platten & Renner, San Jose, CA, for plaintiff/appellant/cross-appellee Lisa Clark.

Gregg L. Kays, Norland & Kays, San Jose, CA, for plaintiff/cross-appellant/appellee Margaret Saiki.

Daniel L. Baxter, Wilke, Fleury, Hoffelt, Gould & Birney, LLP, Sacramento, CA, for amicus curiae California Veterinary Medical Association.

Before CANBY, RYMER, and HAWKINS, Circuit Judges.

RYMER, Circuit Judge.

These consolidated appeals require us to decide whether veterinarians are exempted from the overtime wage requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1).[1]

Dr. Lisa Clark and Dr. Margaret Saiki, who are veterinarians, appeal the summary judgment entered in favor of their employer, United Emergency Animal Clinic, Inc. (UEAC).[2] Under the FLSA, certain professionals are exempted from the overtime requirements if they are paid on a salary basis. 29 U.S.C. § 213; 29 C.F.R. § 541.3. Additionally, certain physicians and practitioners need not be paid on a salary basis in order to be exempt from the overtime provisions of the FLSA. 29 C.F.R. § 541.314. The district court held that doctors of veterinary medicine are within the "physicians and other practitioners" exclusion from the salary requirements for the professional exemption under the FLSA, and therefore Clark and Saiki were exempt from the FLSA overtime requirements. Clark and Saiki argue that veterinarians do not fall within this exclusion and further argue that UEAC did not meet the "salary basis" requirement of the professional exemption, though they do not dispute that their work meets all the "duty requirements." We agree with the district court that doctors of veterinary medicine are within the practice of medicine exception to the salary basis requirement, and therefore, are exempt from the overtime requirements of the FLSA. Accordingly, we affirm.

UEAC provides emergency care for animals at night, on weekends, and on holidays. Clark and Saiki were licensed veterinarians employed by UEAC who worked shifts of twelve or more hours at a time. UEAC calculated each veterinarian's monthly pay by multiplying the number of shifts worked in a given month by the "per shift pay."

The FLSA requires non-exempt employees to be compensated at the rate of time and one half for all hours worked in a

---

1. We cite to the statutory and regulatory provisions in effect during the time period at issue. Dr. Saiki worked for UEAC from October 1, 1995 through April 6, 2000, and Dr. Clark from February 1990 through January 2002.

2. The FLSA issue is one of several raised by Clark and Saiki in a cross-appeal. UEAC appealed the judgment rendered after trial; Clark and Saiki cross-appealed. We resolve UEAC's appeal and the remaining issues raised by Clark and Saiki in a memorandum disposition.

week of over forty hours. 29 U.S.C. § 207(a)(1). Overtime is defined as any employment in excess of forty hours in a single work week. However, "any employee employed in a bona fide executive, administrative, or professional capacity" is exempt. 29 U.S.C. § 213(a)(1). Regulations issued by the Secretary of Labor define what it means to work in a bona fide professional capacity. 29 C.F.R. § 541.3. The parties agree that Clark and Saiki meet the "duty" requirements because their primary duty consists of performing work that requires specialized knowledge, involves consistent exercise of discretion and judgment, and is predominantly intellectual and varied in character. 29 C.F.R. § 541.3(a), (b), (c), (d). They dispute whether the "salary" requirement is met. 29 C.F.R. § 541.3(e).

To satisfy the salary requirement an employee must be one

Who is compensated for services on a salary or fee basis at a rate of not less than $170 per week ($150 per week, if employed by other than the Federal Government in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities: Provided, That this paragraph shall not apply in the case of an employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and who is actually engaged in the practice thereof.

*Id.* The Secretary has further prescribed that the exception to the salary requirement in subsection (e) for those who practice medicine "applies only to the traditional professions of law, medicine, and teaching and not to employees in related professions which merely serve these professions." 29 C.F.R. § 541.314(a). In the case of medicine,

The exception applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners. The term physicians means medical doctors including general practitioners and specialists, and osteopathic physicians (doctors of osteopathy). Other practitioners in the field of medical science and healing may include podiatrists (sometimes called chiropodists), dentists (doctors of dental medicine), optometrists (doctors of optometry or bachelors of science in optometry).

29 C.F.R. § 541.314(b)(1). Section 541.314(c) adds that "[i]n the case of medical occupations, the exception from the salary or fee requirement does not apply to pharmacists, nurses, therapists, technologists, sanitarians, dietitians, social workers, psychologists, psychometrists, or other professions which service the medical profession."

Clark and Saiki contend that veterinarians are not within the term "physicians and other practitioners of medical science" as used in § 541.314(a). They point out that exemptions to overtime requirements are to be narrowly construed, *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095 (1945), and posit that UEAC has not shown that its employees fit "plainly and unmistakenly" within the exemption. *See Abshire v. County of Kern*, 908 F.2d 483, 485–86 (9th Cir.1990) (placing this burden on employers). Clark and Saiki also invoke the doctrines of *expressio unius est exclusio alterius* and *ejusdem generis* in support of their position, noting that veterinarians are not specifically mentioned in § 541.314 whereas others who practice on humans are listed, and that most people do not use the term "physician" when referring to veterinarians.

UEAC counters that § 541.3(e) is broad enough to include veterinarians because doctors of veterinary medicine hold a li-

cense permitting the practice of medicine and actually engage in the practice. It observes that § 541.314(b)(1) does not limit the "other practitioners" who are excepted to those listed but instead states that the phrase "may include" podiatrists, dentists, and optometrists. In addition, UEAC argues that § 541.314(b)(1) was not intended to be exhaustive because otherwise there would have been no need for the Secretary to identify related professionals who merely serve the medical profession to whom the exception does not extend. Finally, UEAC maintains that, consistent with this view, the Secretary herself has recognized that veterinarians engage in work similar to physicians, podiatrists, optometrists, and dentists in that they prevent, diagnose, and treat diseases, disorders, and injuries in animals as the others do for humans. *See* Bureau of Labor Statistics, *U.S. Dept. of Labor, Occupational Handbook* (2000) (so stating, and indicating that "[v]eterinarians have extensive training in physical and life sciences and some do scientific and medical research, closely paralleling occupations such as biological, medical, and animal scientists.").

We agree with the district court that veterinarians plainly fall within the exception and that § 541.314(b)(1) is not exhaustive. Section 541.3(e) on its face excepts those licensed to practice medicine *or any of its branches.* Neither in § 541.3 nor elsewhere is "medicine" defined to mean only the practice of medicine on humans. The science and art of healing and maintaining health—*i.e.,* medicine—can be and is practiced on animals as well as humans. Logically as well as linguistically, veterinary medicine is a "branch" of medicine.

The wording of § 541.314(b)(1) is similarly broad. It states that the medical practice exception "applies to physicians *and other practitioners* licensed and prac-

ticing *in the field of medical science and healing,"* and that "other practitioners" in the field of medical science and healing *"may"* include podiatrists, dentists, and optometrists. 29 C.F.R. § 541.314(b)(1) (emphasis added). We cannot read the inclusion of osteopaths, podiatrists, dentists, and optometrists and the omission of veterinarians as Clark and Saiki do, to exclude veterinarians who treat animals instead of humans from the definition. Rather, as written, the term "other practitioners" is limited by "the field of medical science and healing," not by the examples that are given. This is the most sensible reading because otherwise, § 541.314(e) would apply to dentists, podiatrists, and optometrists but not, for example, to pathologists, neurologists, oncologists, surgeons, and pediatricians who undoubtedly practice in the field of medical science and healing but are not listed, either. If the Secretary had intended to include those who practice medicine on humans but not on animals, she could certainly have said so more easily and directly than by signaling it through inclusion of podiatrists, optometrists, and dentists and omission of everyone else.

The ordinary, dictionary meaning of the terms used in the regulations reinforces this view.[3] A "physician" is "a person skilled in the art of healing; one duly authorized to treat diseases: a doctor of medicine—often distinguished from surgeon." A "practitioner" is "one that exercises an art, science, or profession (as law, medicine, or engineering)." "Medicine" is "the science and art dealing with the maintenance of health and the prevention, alleviation, or cure of disease; sometimes: the branch of this field concerned with the nonsurgical treatment of disease distinguished from obstetrics and surgery." "Veterinary" is "of, relating to, or consti-

---

**3.** WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED (1986).

tuting a branch of science and art dealing with the prevention, cure, or alleviation of disease and injury in animals and especially domestic animals and including the normal biology (as anatomy and physiology) as well as the pathology of such animals." And a "branch" is "a part of a complex body: as an area of knowledge that may be considered or studied apart from related areas (pathology is a ~ of medicine)." In short, a doctor of veterinary medicine is a practitioner licensed and practicing in the field of medical science and healing on animals, a branch of medicine.

The interpretative tools upon which Clark and Saiki rely do not result in a different construction. *Expressio unius* applies "only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003). The doctrine has no force here, where § 541.314(a) plainly excepts those who practice medicine *or any of its branches*, and § 541.314(b) can only sensibly be construed as offering non-exhaustive examples of "other practitioners" who are intended to be covered without intending to exclude all but podiatrists, dentists, and optometrists. Those who work in medical occupations that the Secretary did intend to exclude are specifically identified in subsection (c), which would be superfluous if subsection (b) were interpreted as Clark and Saiki urge.

Nor does the doctrine of *ejusdem generis* aid interpretation when general words do not follow specific words. *See, e.g., In the Matter of the Application of the United States for an Order Authorizing the Roving Interception of Oral Communications*, 349 F.3d 1132, 1142 (9th Cir.2003) (explaining applicability of the concept "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words."). The opposite is the case here, for the exception applies to "physicians" and "other practitioners" which are general words that are followed by specific examples. *Cf. Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001) (applying the doctrine where specific terms are followed by a general one).

In sum, as the district court concluded, veterinarians are doctors of medicine, they have advanced degrees, and they are licensed. Nothing in the language of the statute or regulations indicates a distinction between those who practice medicine on humans and those who practice on animals. Therefore, when they practice veterinary medicine, as Clark and Saiki did, veterinarians plainly and unmistakenly fall within § 541.3's exception to the salary basis requirements for exemption from overtime because each is "[a] holder of a valid license or certificate permitting the practice of law or medicine or any of their branches, who is actually engaged in practicing the profession." 29 C.F.R. § 541.314.

AFFIRMED.